UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA E. LUCERO,

    Plaintiff,

v.                                  Case No.:  6:24-cv-2119-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Maria E. Lucero seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.      **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    A.      **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.  Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on May 4, 2021, alleging disability beginning on March 31, 2020. (Tr. 58, 164-65). The application was denied initially and on reconsideration. (Tr. 58, 68). Plaintiff requested a hearing, and on December 12, 2023, a hearing was held before

Administrative Law Judge Pamela Houston ("ALJ"). (Tr. 29-51). On April 29. 2024, the ALJ entered a decision finding Plaintiff not under a disability from March 31, 2020, through the date of the decision. (Tr. 15-23). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on September 20, 2024. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on November 19, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through June 30, 2025. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 31, 2020, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease (DDD) of the lumbar spine, diabetes with neuropathy, and obesity." (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds claimant has a residual functional capacity (RFC) for medium work (20 [C.F.R. §] 404.1567(c)) except she can sit 6/8 hours and stand and/or walk 6/8 hours daily; frequently stoop, kneel, crouch, crawl, and climb ramps and stairs, but never ladders, ropes, or scaffolds; avoid: work at unprotected heights, work with dangerous machinery and dangerous tools, foot controls, and concentrated exposure to temperature extremes and vibration.

(Tr. 18).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a cleaner II and cook helper. (Tr. 21-22). At step five, the ALJ found that considering Plaintiff's age (58 years old on the alleged onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 22). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Sandwich Maker, DOT[1] 317.664-010, medium, unskilled, SVP 2

(2) Bagger, DOT 920.687-014, medium, unskilled, SVP 2

(3) Day Worker, DOT 301.687-014, medium, unskilled, SVP 2

(Tr. 22). The ALJ concluded that Plaintiff had not been under a disability from March 31, 2020, through the date of the decision. (Tr. 23).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

## II.  Analysis

Plaintiff argues that the RFC assessment is unsupported by and inconsistent with all the available medical opinions. (Doc. 17, p. 7). Plaintiff claims that both State agency medical consultants limited Plaintiff to light work, which was also generally consistent with the consultative examiner's opinion. (Doc. 16, p. 8). Despite these medical reports, Plaintiff argues that the ALJ limited Plaintiff to medium work, which exceeded the light-exertional work limitation in the medical providers' opinions. (Doc. 16, p. 10). Plaintiff also argues that the reasons given for this departure from the medical providers' opinions were unclear and unsubstantiated.

The Commissioner contends that the ALJ reviewed all the pertinent evidence and reasonably concluded that Plaintiff was limited to medium work. (Doc. 18p. 4). The Commission argues that the ALJ explained that the normal examination findings did not support a lifting and carrying limitation for medium work. (Doc. 18,p. 4). The Commissioner also noted that the ALJ emphasized that Plaintiff stopped working her medium to heavy exertional job for reasons unconnected to her medical condition or her ability to perform such activities. (Doc. 18 p. 4). The Commissioner indicated that the ALJ found Plaintiff's daily activities of driving, shopping, doing household chores, and preparing meals supported a medium exertional level. (Doc. 18, p. 4-5).

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id.*

Prior to step four, the task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007). That said, an ALJ may not "'may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.'" *Williams v. Barnhart*, 140 F. App'x 932, 934 (11th Cir. 2005) (quoting *Marbury v. Sullivan*, 957 F.2d 837, 840–41 (11th Cir.1992)). But an ALJ can reject a physician's opinion when the evidence supports a contrary conclusion. *Id.* Indeed, while an ALJ may not

make medical findings, an ALJ has the responsibility to resolve conflicting medical opinions. *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016).

On May 5, 2022, State agency medical consultant Larry Meade, D.O. completed a Physical Residual Functional Capacity assessment. (Tr. 52-57). Focusing on the lifting and carrying requirements, Dr. Meade found Plaintiff able to occasionally lift and/or carry 20 pounds, and frequently lift and/or carry 10 pounds. (Tr. 55). Dr. Meade explained that Plaintiff's diabetes as well as her back and hip pain caused these exertional limitations. (Tr. 55). He also noted that Plaintiff had a full range of motion except for the lumbar spine and hip. (Tr. 56).

On August 9, 2023, State agency medical consultant Lawrence Solberg, M.D. completed on reconsideration a Physical Residual Functional Capacity assessment. (Tr. 59-67). As to the carrying and lifting requirements, Dr. Solberg found the same limitations as Dr. Meade, namely Plaintiff was limited to occasionally lifting and/or carrying 20 pounds, and frequently lifting and/or carrying 10 pounds. (Tr. 62). Dr. Solberg based his opinion on Plaintiff's degenerative disc disease of the lumbar spine, and an August 5, 2023 x-ray of the lumbar spine that showed moderate thoracolumbar and mild multilevel spondylosis. (Tr. 63). Dr. Solberg specifically stated that "[l]ifting and carrying impaired by DDD LSpine – from pain and pain with motion." (Tr. 63). Dr. Solberg added that "[a]ll motor strength 5/5 – gait preserved No AD-BL hands normal." (Tr. 63). He also found that [o]bjective

evidence[] supports DDD LSPINE and T SPINE. Cl [claimant] reports pain with motion. On current CE exam BL LE motor and gait preserved with no AD [assistive device] used L SPINE does have impaired ROM [range of motion]." (Tr. 65).

In the decision, the ALJ stated that she fully considered the medical opinions and prior administrative medical findings. (Tr. 21). The ALJ summarized Dr. Meade's and Dr. Solberg's opinions and noted that both limited Plaintiff to light exertional work with some additional postural and environmental limitations. (Tr. 21). The ALJ found:

> These opinions are only somewhat persuasive as medical evidence of record, particularly the findings by claimant's medical providers and consultative examiners, together with the results of the diagnostic test, show claimant is not as limited as she can function as described above. While these opinions suggest some reduction for exertional/postural/environmental factors, the doctors did not have the opportunity to review the entire record, including testimony. Considering the record as a whole, and evaluating claimant's chronological report of symptoms, exam and diagnostic findings, evidence simply does not warrant a restriction beyond the RFC herein. This is based on the assessment and explanation hereinabove.

(Tr. 21).

Plaintiff argues that the ALJ's evaluation of this opinion evidence is not supported by substantial evidence. (Doc. 16, p. 11). The Court agrees. The ALJ first reasons that Plaintiff is not as limited as alleged because the medical evidence contains generally normal examination findings. (Tr. 20-21). Dr. Solberg acknowledged that Plaintiff generally had normal examination results, except for

pain and pain with motion in the lumbar spine. (Tr. 63-65). Based on Plaintiff's complaints of pain and the objective medical evidence that supported Plaintiff's degenerative disc disease of the lumbar and thoracic spine, he found limiting Plaintiff to light exertional work to be appropriate. (Tr. 63-65). Dr. Solberg clearly considered the examination findings, and determined that Plaintiff's spine impairments from the examinations as well as the objective testing showed Plaintiff was limited to light work.

Second, the ALJ reasoned that Dr. Solberg did not have the opportunity to review the entire record. (Tr. 21). To the contrary, Dr. Solberg had access to virtually all relevant medical evidence before rendering his August 2023 opinion. (Tr. 59-67). Indeed, Dr. Solberg's opinion included a review of records from as least January 2020 through June of 2023. (Tr. 63-65). In that review, he considered the consultative examination of June 2023, including the lifting restriction to 20-25 pounds, and found the opinion persuasive. (Tr. 65). Dr. Solberg had access to nearly all of Plaintiff's medical records and the ALJ did not explain what portion of the record Dr. Solberg did not review that would support a lesser limitation to medium work.

And third as to Plaintiff's testimony, even though Dr. Solberg did not review it, Plaintiff testified that she could stand for 15 minutes at a time, walk the length of a grocery aisle, sit for an hour, and lift a gallon of milk. (Tr. 37-38). Thus, her

testimony was far more limiting than those limitations found in Dr. Meade's and Dr. Solberg's opinions.

In effect, the ALJ decided that based on the generally normal exam findings, with the exception the lumbar spine, Plaintiff could work at a medium exertional level. Dr. Solberg reviewed the generally normal examinations except for the issues with the lumbar spine and found Plaintiff impaired for lifting and carrying and limited to light work. The ALJ is not permitted to arbitrarily substitute her opinion for that of the medical professionals. *See Williams v. Barnhart*, 140 F. App'x 932, 934 (11th Cir. 2005). Substantial evidence does not support the ALJ's finding that Plaintiff can perform work at the medium level.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical opinions. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on January 16, 2026.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 13 -